STEPHANIE FORMAN, ESQ.; STATE BAR NO.: 195757
ANDREA BREUER, ESQ.; STATE BAR NO.: 161819

**THARPE & HOWELL, LLP**
**15250 Ventura Blvd., Ninth Floor**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**
E-Mail: sforman@tharpe-howell.com
E-Mail: abreuer@tharpe-howell.com

Attorneys for Defendant,
     LOWE'S HOME CENTERS, LLC (Doe 1)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSÉ M. GARCIA,<br><br>         Plaintiff,<br><br>v.<br><br>OVE DECORS ULC, LOWE'S COMPANIES, INC. and DOES 1 to 20, inclusive<br><br>         Defendants. | Case No.:<br>[*San Joaquin County Superior Court Case No.: STK-CV-UPL-2022-0002244*]<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY) BY DEFENDANT, LOWE'S HOME CENTERS, LLC**<br><br>Complaint Filed:  March 29, 2022 |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1332 and §1441(b), Defendant LOWE'S HOME CENTERS, LLC (sued as Doe 1) ("Defendant"), contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the Superior Court of the State of California for the County of San Joaquin, to the United States District Court, Eastern District of California.  The removal is based, specifically, on the following grounds.

## JURISDICTION AND VENUE ARE PROPER

1. This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a

civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.  28 U.S.C. §§ 1332, 1441(a), and 1146(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(b), 1391 and 1446.

**PLEADINGS, PROCESS AND ORDERS**

3. On March 25, 2022, Plaintiff JOSÉ M. GARCIA commenced the above-entitled civil action in the Superior Court for the County of San Joaquin by filing a Complaint therein entitled *José M. Garcia v. Ove Decors ULC, et al.,* Case No. STK-CV-UPL-2022-0002244.  True and correct copies of the Summons, Complaint, and Civil Case Cover Sheet, which were filed in this matter, are attached and incorporated by reference collectively as **Exhibit "A."**

4. On April 26, 2022, an Amendment to Complaint was filed with the Court naming Lowe's Home Centers, LLC (DOE 1) as defendant Doe 1. A true and correct unconformed copy of the Amendment to Complaint is attached hereto as **Exhibit "B."** Defendant will file a conformed copy of the Amendment to Complaint on receipt of same from the state court.

5. On April 29, 2022, having informally accepted service of the documents comprising **Exhibit "A,"** Defendant Lowe's Home Centers, LLC filed its Answer to Plaintiff's Complaint and Demand for Jury Trial.  True and correct unconformed copies of Defendant LOWE'S HOME CENTERS, LLC's Answer to Complaint and Demand for Jury Trial are collectively attached hereto as **Exhibit "C."** Defendant will file conformed copies of its Answer and Demand for Jury on receipt of same from the state court.

6. On April 4, 2022, plaintiff purported to serve defendant Lowe's Home Centers, Inc. with the documents comprising **Exhibit "A."** On May 2, 2022, a Request for Dismissal as to defendant Lowe's Companies, Inc. only was filed with the San Joaquin Superior Court.  A true and correct unconformed copy of the Request for

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

Dismissal is attached hereto as **Exhibit "D."** Defendant will file a conformed copy of the Request for Dismissal as to Lowe's Companies, Inc. on receipt of same from the state court.

7. Attached hereto as **Exhibit "E"** is a true and correct copy of the Superior Court's Notice of Case Assignment and Notice of Hearing dated March 25, 2022.

8. On information and belief, as of the date of the filing of this Notice of Removal, defendant OVE DECORS ULC has not been served with the Summons and Complaint, and has not appeared in this action.

9. The attached exhibits constitute all process, pleadings and orders served upon or by Defendant LOWE'S HOME CENTERS, LLC or on file with the Superior Court in this matter.

## DIVERSITY

### A. Citizenship

10. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b), as the action is between citizens of different states.

11. Plaintiff was, at the time of the filing of this action, and presently remain, domiciled in the State of California and is therefore a citizen of the State of California.

12. Defendant LOWE'S HOME CENTERS, LLC is a limited liability company. The citizenship of a limited liability company, for purposes of diversity jurisdiction, is the citizenship of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant Lowe's Home Centers, LLC is a manager-managed limited liability company with its only member being Lowe's Companies, Inc. Lowe's Companies, Inc. is a publicly traded North Carolina corporation with its principal place of business in North Carolina. Accordingly, LOWE'S HOME CENTERS, LLC is a

citizen of the State of North Carolina.

13. On information and belief, Defendant OVE DECORS ULC is a Canadian unlimited liability company with its principal place of business in Quebec, Canada. Accordingly, Defendant OVE DECORS ULC is a Canadian citizen.

14. Therefore, complete diversity of citizenship exists as between Plaintiff and Defendants.

### B. Fictitious Does

15. Defendants DOES 1 to 20, inclusive, are wholly fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants. In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C §. 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). Accordingly, the mere fact that the Complaint makes reference to fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

### AMOUNT IN CONTROVERSY

16. Plaintiffs' Complaint sets forth causes of action Strict Products Liability, Negligence, Breach of Implied Warranty of Merchantability, and Breach of Implied Warranty of Fitness for A Particular Purpose. *See*, **Exhibit "A."** Plaintiff alleges that in or about September 29, 2019, following an installation of a shower door, and while gently cleaning the subject door with glass cleaner, he slowly rolled the sliding door a few inches causing it to shatter and rain down on him and causing injury to his right hand. Plaintiff Although Plaintiff is prohibited from stating a specific amount demanded in their Complaint, Defendant has been able to ascertain through "other paper" that the amount in controversy exceeds $75,000.00.[1]

///

---

[1] California Law prohibits personal injury plaintiffs from stating a specific amount of damages sought in the complaint. *See*, *Cal. Code Civ. Proc.* § 425.10.

- 4 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

17. Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the statutory minimum. *Singer v. State Farm Mut. Auto Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1996); *see, McPhail v. Deere and Company*, 529 F.3d 947, 955 (10th Cir. 2008) ("It is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy."). This standard is not a "daunting" one, as courts recognize that unlike the "legal certainty test" applicable where the complaint does allege a specific amount in damages, the removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994); *see also*, *Korn v. Polo Ralph Lauren Corp.,* 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

18. A defendant must merely set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. A defendant must establish jurisdiction by proving jurisdictional facts, i.e., proof of what the plaintiff is seeking to recover. *McPhail*, 529 F.3d at 954-55. "Once the facts have been established, uncertainty about whether the plaintiff can prove [h]is substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Meridian Secs. Ins. Co. v. Sadowski*, 441 F.3d 540, 543 (7th Cir. 2006); *see also*, *McPhail*, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

19. On January 25, 2022, *prior* to filing the Complaint in the Superior Court for the County of San Joaquin, and *prior* to service of the Summons and Complaint on Defendant LOWE'S HOME CENTERS, LLC, Plaintiff's counsel sent a letter to Defendant which demanded payment of Defendant in an amount in excess of the $75,000.00 jurisdictional limit.

///

- 5 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

20.     28 USC § 1446(b)(3) provides that, where the case stated by the initial pleading is not removable, a notice of removal can be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order "or other paper" from which it may first be ascertained that the case is one which is or has become removable. The term "other paper" under 28 U.S.C. § 1446(b) refers to any document that is part and parcel of state court proceedings having their origin and existence by virtue of the state court processes, or a pre-litigation "other paper."  A written settlement demand, therefore, constitutes "other paper."

21.     The test for whether the amount in controversy is satisfied is whether there is a "reasonable probability" that the claim exceeds $75,000. *Scherer v. The Equitable Life Assurance Society of the U.S.,* 347 F.3d 394, 397 (2d. Cir. 2003). The Ninth Circuit has adopted the "either-viewpoint rule," meaning that the amount in controversy requirement is satisfied if (1) Plaintiff seeks to recover more than $75,000.00 or (2) the recovery Plaintiff seeks will cost the defendant more than the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 (9th Cir. 1996).

22.     The pre-litigation settlement demand in excess of $75,000 constitutes "other paper" and satisfies the amount in controversy requirement.  Thus, the preponderance of the evidence shows that Plaintiff's specific damages claims exceed the $75,000.00 statutory minimum.  Therefore, federal jurisdiction is proper.

## CONSENT OF DEFENDANTS TO REMOVAL

23.     Defendant OVE DECORS ULC has not been served by Plaintiff and has not appeared in the action.  Accordingly, its consent is not necessary.

24.     There are no other remaining defendants in this action besides Defendants LOWE'S HOME CENTERS, LLC and OVE DECORS ULC.

## TIMELINESS OF REMOVAL

25.     This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt of the initial pleading, to wit, Plaintiff's Complaint served

on April 4, 2022, which first indicated that the matter was removable. 28 U.S.C. §1446(b)(1). Further, the instant removal is made within one year of the filing of the Complaint. As noted above, Plaintiff filed his Complaint on March 29, 2022.

26. For the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).

Dated: May 2, 2022                                             THARPE & HOWELL, LLP

By: _____
STEPHANIE FORMAN
ANDREA BREUER
Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 7 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service, I was at least 18 years of age and **not a party to this legal action.**

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

   **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY) BY DEFENDANT, LOWE'S HOME CENTERS, LLC**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| Dan Rowan Cortright, Esq.<br>The Rowan Firm<br>P.O. Box 2354<br>Rohnert Park, CA  94927-2354<br>Tel: 707-360-1009<br>Email: dan@therowanfirm.com | Attorneys for Plaintiff, JOSÉ M. GARCIA |
|---|---|

5. a. **X**   **BY ELECTRONIC TRANSMISSION**. By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to prior written consent of the party(ies) served. Fed.R.Civ.P. 5(b)(2)(E) and (F). I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4.  No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6. I served the documents by the means described in item 5 on *(date): See below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 5/3/2022 | Belinda A. Porras | *Belinda A. Porras* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\32000-000\32832\Pleadings\FEDERAL\Removal.docx

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221