EXHIBIT "A"

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
SUPERIOR COURT-STOCKTON

2022 MAR 29 PH 1: 11

BRANDON E. RILEY, CLERK
DANIELLE JEANDEBIEN
BY _____
DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
OVE Decors ULC, Lowe's Companies, Inc. and Does 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
José M. Garcia

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Joaquin Superior Court, 180 E. Weber Ave
Stockton, CA 95202

CASE NUMBER: *(Número del Caso):*
STK-CV-UPI-2022-2244

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dan Rowan Cortright, The Rowan Firm, PO Box 2354, Rohnert Park, CA 94927-2354, 707-360-1009

DATE:   March 24, 2022      BRANDON E. RILEY   Clerk, by   DANIELLE JEANDEBIEN   , Deputy
*(Fecha)*                 *(Secretario)*                     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [XX] on behalf of *(specify):* Lowe's Companies, Inc.

   under: [XX] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

FILE BY FAX

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

1   DAN ROWAN CORTRIGHT, SBN 206856
    THE ROWAN FIRM
2   PO Box 2354
    Rohnert Park, CA 94927-2354
3   707-360-1009
    dan@therowanfirm.com
4
    Attorney for Plaintiff
5   JOSE M. GARCIA

6

7
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
                          SAN JOAQUIN COUNTY
9

10                                          STK-CV-UPL-2022-2244

11  JOSÉ M. GARCIA,

12          Plaintiff,                      *Unlimited Jurisdiction*

13  vs.                                     **COMPLAINT FOR PERSONAL INJURY**
                                            1)  **Strict Products Liability**
14  OVE DECORS ULC, LOWE'S COMPANIES,       2)  **Negligence**
    INC. and DOES 1 to 20, inclusive,       3)  **Breach of Implied Warranty of**
15                                              **Merchantability**
            Defendants.                     4)  **Breach of Implied Warranty of**
16                                              **Fitness for a Particular Purpose**

17

18      Plaintiff José Garcia ("Plaintiff") hereby complains against defendants, and each of them,

19  and alleges as follows:

20                                  **THE PARTIES**

21      1.      At all times mentioned herein, Plaintiff José Garcia was an individual residing in San

22  Joaquin County.

23      2.      At all times mentioned herein, defendant OVE Decors ULC ("OVE") was a Canadian

24  business entity conducting business within the State of California, County of San Joaquin whose

25  form is unknown to Plaintiff.

26      3.      At all times mentioned herein, defendant LOWE'S COMPANIES, INC. ("LOWES")

27  was a North Carolina corporation conducting business within the State of California, County of San

28  Joaquin.

────────────────────────────────────────────
                    COMPLAINT FOR PERSONAL INJURY

1    4.    The true names and capacities, whether individual, corporate, or otherwise of the

2  defendants named in this Complaint as Does 1 through 20, inclusive, are unknown to Plaintiff.

3  Plaintiff is informed and believes, and on that basis alleges, that each of said fictitiously named

4  defendants is liable to Plaintiff on the causes of action herein alleged and/or asserts some interest,

5  legal or equitable, in the subject matter of this action, and therefore Plaintiff sues said defendants

6  by said fictitious names.  Plaintiff will move to amend this Complaint when the true names and

7  capacities of said fictitiously named defendants is ascertained.

8                              **JURISDICTION AND VENUE**

9    5.    This Court has jurisdiction over all causes of action asserted in this Complaint

10  pursuant to California Constitution, Article VI, § 10 and California Code of Civil Procedure

11  §410.10 because the acts and omissions alleged herein were committed in the State of California,

12  County of San Joaquin, because this is a civil action wherein the matter in controversy, exclusive

13  of interest, is greater than $25,000, and because this case is a cause not given by statute to other

14  trial courts.

15    6.    Venue is proper in this Court pursuant to California Code of Civil Procedure §395,

16  because these claims are asserted in a complaint filed in this venue, Plaintiff resides and was

17  injured in this county, Defendants reside and/or transacted business within San Joaquin County,

18  and the defective product alleged herein caused injury in San Joaquin County.

19                              **FACTUAL BACKGROUND**

20    7.    In or about September of 2019, Plaintiff purchased a Sydney 59-in H x 58.25-in to

21  59.75-in W Frameless Sliding Polished Chrome Bathtub Door (Clear Glass), Item #667451, Model

22  #SYDNEY-CHTD manufactured by defendant OVE at defendant LOWES' Trinity location in

23  Stockton, California.  Plaintiff brought the door home and installed it in his bathroom per the

24  manufacturer recommendations, as he had done on multiple occasions in his clients' homes.

25  Following installation on or about September 29, 2019, while gently cleaning the subject door with

26  glass cleaner he slowly rolled the sliding door a few inches (which did not make contact with

27  anything) and it suddenly shattered causing glass shards to rain down on him.  Plaintiff was injured

28  when falling glass sliced open the back of his dominant right hand just below the last knuckle of his

---

1   middle finger severing the flexor tendon.

2        8.    As a result of this severe injury, Plaintiff immediately went to the hospital to seek
3   care for his wound, and after evaluation at the urgent care clinic he was referred for a surgical
4   evaluation. He was told that his tendon needed to be surgically repaired, and was required on
5   October 7, 2019, to undergo a surgical repair of this tendon, which included the interior placement
6   of surgical ties under the skin to hold the tendon together. Within days following the surgery, his
7   wound site became infected, causing him more distress, pain and discomfort. Due to this infection,
8   he was required to apply topical cream and take additional pain medication for the exacerbation of
9   his already painful post-surgical healing hand. Once the infection healed, he then underwent a
10   course of physical and occupational therapy in late October and November 2019 to help rehabilitate
11   his newly repaired dominant hand tendon. He then needed to return to his family home in El
12   Salvador in December 2019 for an extended period and was unable to return for nearly two years
13   due to the Covid pandemic and the El Salvadoran government's shutdown of the country's airports.

14        9.    The therapy he received on his hand prior to his leaving the U.S. did little to heal his
15   hand, which had not gained much, if any, grip strength at the time he left the country two months
16   following the surgery. He was also forced to purchase a hand brace just to have any use of that
17   hand for things like using a computer mouse to draw computerized home design plans for his work
18   (since he could not perform the actual building work which was an integral part of his livelihood).
19   Furthermore, he had significant trouble with daily living activities like brushing his teeth, his hair,
20   showering, dressing, eating, cooking, driving, and the myriad other tasks of daily life that require
21   the use of an uninjured dominant hand.

22        10.    While in El Salvador, because the pain and function of his hand was not improving,
23   he sought additional evaluation and underwent multiple ultrasounds of the surgical site. These
24   ultrasounds showed that the tendon parts that were severed in the initial accident were still weak
25   and in danger of being severed again. As a result, he was evaluated by other medical professionals
26   for a possible second surgery to repair his hand and was told that he will need this second surgery if
27   he wants to regain increased use of his dominant hand. Plaintiff intends to undergo this second
28   surgery upon his return to El Salvador in March/April 2022.

11.     Plaintiff suffered substantial damages as a result of his injury.  He is a home builder and licensed general contractor who, prior to this injury, used his dominant right hand daily and almost constantly in his work.  Since the injury he has been unable to grip a hammer or other tools necessary to his work, nor is he able to even use a computer mouse to draw computerized home design plans, another integral part of his livelihood, without significant pain.  Every day Plaintiff is faced with the very real possibility that he will never again be able to perform work in his chosen profession as a home builder.

12.     This injury took place over two years ago, and despite having had the benefit of that amount of time to rehabilitate and heal, he is <u>still</u> unable to do the work he needs to survive and support himself and his family given his hand restrictions.  Therefore, his non-economic damages for pain, suffering, loss of use of his hand and loss of enjoyment of life, are significant given that he is uncertain whether he will be able to use this hand the same way (or at all) in his work in the future.

13.     In addition to the actual cost of the door that broke, Plaintiff incurred other out-of-pocket costs for medical devices, medication and medical consultations related to the injury, and he will incur more significant costs for the second hand surgery (exceeding $12,000).

14.     Plaintiff has been unable to return to his chosen profession as a builder since September 2019, a period of two and a half years.  At the time of his injury, he had a thriving contracting business, and was personally earning over $250,000 per year.  Since the injury he has earned practically no income from his contracting business ($0 in 2021).  These economic losses continue to accrue and are substantial.

15.     The subject door manufactured and distributed by Defendants was defective in design and/or manufacture, otherwise it would not have inexplicably shattered without contact causing Plaintiff's severe injury.

## FIRST CAUSE OF ACTION – STRICT PRODUCTS LIABILITY

### *(Against all Defendants)*

16.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

17.     It is clear that the subject door contained a manufacturing defect and/or was defectively designed.  Plaintiff installed the subject door per the manufacturer's recommendation. The sliding glass bathtub door is designed to slide along its track providing the user access to the bathtub.  When Plaintiff slid the subject door, however, and without the door coming into contact with anything, it suddenly and inexplicably shattered, causing severe injury to Plaintiff.

18.     Plaintiff is currently unaware as to whether the defect in the door was a manufacturing defect and/or whether it was a design defect.

19.     Each defendant failed to provide sufficient warning of potential safety hazards including that this door may shatter suddenly.

20.     Each of the defendants knew that the door would be purchased and used without inspection for manufacturing and/or design defects.

21.     The door was defective when it left the control of each defendant.

22.     The door at the time of injury was being used in the manner intended by the defendants or in a manner that was reasonably foreseeable by defendants as involving a substantial danger not readily apparent.

23.     Plaintiff was both the purchaser and user of the defective door.

24.     Plaintiff's injury was proximately caused by the defective door manufactured, distributed and sold to the public by defendants.

25.     Plaintiff suffered substantial damages as a result of defendants' breach of their duty, including but not limited to compensatory damages, loss of past earnings and future earning capacity, pain and suffering, loss of use of his hand and loss of enjoyment of life in an amount to be proven at trial.

26.     Wherefore, Plaintiff prays for relief as set forth herein.

### SECOND CAUSE OF ACTION – NEGLIGENCE

#### *(Against all defendants)*

27.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

28.     Defendants owed a duty to Plaintiff not to cause injury to him and/or to warn him of

1  potential safety hazards as the purchaser and end user of their product.

2    29.    Defendants breached that duty by manufacturing, designing and distributing to

3  Plaintiff a defective bathtub door without providing adequate safety warnings.

4    30.    Defendants' breach of their duty was the proximate cause of Plaintiff's injury and

5  damages.  Had the door not been defectively designed or manufactured, or had defendants

6  adequately warned of potential safety hazards, Plaintiff would not have been injured or suffered

7  damages.

8    31.    Plaintiff suffered substantial damages as a result of defendants' breach of their duty,

9  including but not limited to compensatory damages, loss of past earnings and future earning

10  capacity, pain and suffering, loss of use of his hand and loss of enjoyment of life in an amount to be

11  proven at trial.

12    32.    Wherefore, Plaintiff prays for relief as set forth herein.

13    **THIRD CAUSE OF ACTION – BREACH OF IMPLIED WARRANTY OF**
      **MERCHANTABILITY**
14    **(*Against all defendants*)**

15    33.    Plaintiff realleges and incorporates by reference each and every allegation set forth

16  in the preceding paragraphs as though fully set forth herein.

17    34.    At the time Plaintiff purchased the door, on information and belief, defendants OVE

18  and DOES 1 through 5 were in the business of manufacturing such bathtub doors, and defendants

19  LOWEs and DOES 6 through 10 were in the business of selling such goods to retail buyers.

20    35.    The subject door was not of the same quality as those generally acceptable in the

21  trade.  The subject door was not fit for the ordinary purposes for which it is used (a bathtub door

22  must be made not to shatter dangerously with only usual contact/sliding).  Nor was the door

23  adequately labeled to warn the buyer of the potential danger of it shattering inexplicably.

24    36.    As a result of the breach of the implied warranty of merchantability, Plaintiff was

25  severely injured.  Plaintiff suffered substantial damages including but not limited to compensatory

26  damages, loss of past earnings and future earning capacity, pain and suffering, loss of use of his

27  hand and loss of enjoyment of life in an amount to be proven at trial.

28    37.    Defendants OVE and LOWEs' breach of the implied warranty was a substantial

COMPLAINT FOR PERSONAL INJURY

1  factor in causing Plaintiff's harm.

2      38.     Wherefore, Plaintiff prays for relief as set forth herein.

3                          **FOURTH CAUSE OF ACTION –**
      **BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**
4                            *(Against all defendants)*

5      39.     Plaintiff realleges and incorporates by reference each and every allegation set forth

6  in the preceding paragraphs as though fully set forth herein.

7      40.     At the time Plaintiff purchased the door, defendants OVE and LOWEs and DOES 1

8  through 10 knew or had reason to know that Plaintiff, the end user/consumer, intended to use the

9  door for a particular purpose, namely, to install and use in his bathroom.

10     41.     At the time Plaintiff purchased the door, defendants OVE and LOWEs and DOES 1

11  through 10 knew or had reason to know that Plaintiff was relying on their skill and judgment to

12  select or provide a door that was suitable for that particular purpose.

13     42.     Plaintiff justifiably relied on defendants' skill and judgment.

14     43.     The door was not suitable for the particular purpose.

15     44.     As a result of the breach of the implied warranty of fitness for a particular purpose,

16  Plaintiff was severely injured.  Plaintiff suffered substantial damages including but not limited to

17  compensatory damages, loss of past earnings and future earning capacity, pain and suffering, loss of

18  use of his hand and loss of enjoyment of life in an amount to be proven at trial.

19     45.     Defendants' breach of the implied warranty was a substantial factor in causing

20  Plaintiff's harm.

21     46.     It is not necessary for Plaintiff to prove the cause of defect of the door.  The Song-

22  Beverly Consumer Warranty Act does not require a consumer to prove the cause of the defect or

23  failure, only that the consumer good "did not conform to the express warranty."  (*Oregel v.*

24  *American Isuzu Motors, Inc.* (2001) 90 Cal.App.4th 1094, 1102, fn. 8.

25     47.     Wherefore, Plaintiff prays for relief as set forth herein.

26  ///

27  ///

28  ///

---

COMPLAINT FOR PERSONAL INJURY

1

**Prayer for Relief**

2      Wherefore Plaintiff prays for relief as follows:

3      1.  For special and general compensatory damages in an amount to be proven at trial;

4      2.  For prejudgment interest;

5      3.  For costs of suit incurred herein, including reasonable attorneys' fees; and

6      4.  For such other and further relief as this Court may award.

7

8                                    The Rowan Firm

9

10   DATED: March 24, 2022

11                                    By: Dan Rowan Cortright, Esq.
                                           Attorney for Plaintiff
12                                         JOSÉ GARCIA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

COMPLAINT FOR PERSONAL INJURY

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Dan Rowan Cortright, SBN 206856
The Rowan Firm, PO Box 7354
Rohnert Park, CA 94927-7354
TELEPHONE NO. 707-360-1009     FAX NO. (Optional):
E-MAIL ADDRESS: dan@therowanfirm.com
ATTORNEY FOR (Name): Plaintiff José Garcia

FILED
SUPERIOR COURT-STOCKTON
2022 MAR 25 PM 1:43
BRANDON E. RILEY, CLERK
BY NATALIE BASHAW
DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Joaquin
STREET ADDRESS: 180 E Weber Ave
MAILING ADDRESS:
CITY AND ZIP CODE: Stockton, California 95202
BRANCH NAME: Stockton Courthouse

CASE NAME:
José Garcia v. OVE Decors, Lowe's Companies, Inc. and Does 1-20

| CIVIL CASE COVER SHEET | | Complex Case Designation | | STK-CV-UPA-2022-0244 |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder | | |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[x] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 4
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: March 24, 2022

Dan Rowan Cortright, Esq.
_____
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10


FILE BY FAX

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. September 1, 2021]                     **CIVIL CASE COVER SHEET**                                    Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]                                                    [ Clear this form ]