UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE M. GARCIA,<br><br>       Plaintiff,<br><br>    v.<br><br>LOWE'S HOME CENTERS, LLC, et al.,<br><br>       Defendants. | No.  2:22-cv-00752-DAD-CKD<br><br>ORDER DENYING MOTION TO MODIFY SCHEDULING ORDER<br><br>(Doc. No. 37) |

This matter is before the court on plaintiff's February 2, 2026 motion for to modify the scheduling order.  (Doc. No. 37.)  On March 10, 2026, the motion was taken under submission on the papers pursuant to Local Rule 230(g).  (Doc. No. 38.)  For the reasons set forth below, the court will deny plaintiff's motion.

**BACKGROUND**

On December 15, 2025, the parties filed a stipulation to modify the scheduling order. (Doc. No. 34.)  In that stipulation, it was the parties that represented to this court that they had attended a private mediation session in January 2024 which did not result in a settlement of this action because defendants had requested verified IRS tax returns from plaintiff.  (*Id.* at 1.)  The parties also elected to inform the court that plaintiff had been unable to acquire verified tax returns purportedly despite multiple requests made to the IRS in 2023, 2024, and 2025.  (*Id.* at 2.) The parties also represented in their stipulation that they were seeking to schedule a second

1

private mediation session and sought to delay retaining expert witnesses based on that plan. (*Id.* at 1–2.)  The parties therefore requested that the court continue the expert discovery and motions filing deadlines as set in the court's scheduling order by 150 days, but specifically requested that the court not continue the corresponding trial date because "a further trial continuance would also severely prejudice the parties." (*Id.* at 2–3.)

On December 22, 2025, the court held a status conference regarding scheduling.  (Doc. No. 36.)  At that hearing, the court declined to adopt the parties' stipulation, explaining that it would not continue discovery deadlines without also continuing the corresponding trial date.  (*Id.*)  The court directed the parties to meet and confer regarding a new proposed pretrial schedule and left the previously set schedule in place absent further order of the court.  (*Id.*)

On February 2, 2026, plaintiff filed the pending motion to modify scheduling order.  (Doc. No. 37.)  Plaintiff represents that he has continued to attempt to schedule a second mediation session and argues that defendant Ove Decors ULC is the cause of delay in this action by requesting that plaintiff produce IRS transcripts.  (*Id.* at 3–4.)  Plaintiff attaches to his motion a declaration from his attorney Dan Cortright[1] in which he declares that defendant Ove Decors ULC has informed him that it is unwilling to agree to any further continuances.  (Doc. No. 37-1 at ¶ 9.)  Nonetheless, no defendant has filed an opposition to the pending motion.

## LEGAL STANDARD

"The decision to modify a scheduling order is within the broad discretion of the district court." *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1030 (E.D. Cal. 2002).  Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a case "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  Thus, when a party seeks to modify the scheduling order, that party must first show "good cause." *See Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992).  In *Johnson*, the Ninth Circuit explained that

/////

---

[1]  The declaration incorrectly states at the outset that Jose Garcia is the declarant but the declaration has attorney Cortright's signature on the final page. (Doc. No. 37-1 at 1:19, 3.)

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

975 F.2d at 609 (internal quotation marks and citations omitted); *see also* 6A Wright & Miller, et al., Fed. Prac. & Proc. § 1522.2 (3d ed. 2018) ("What constitutes good cause sufficient to justify the modification of a scheduling order necessarily varies with the circumstances of each case.").

**DISCUSSION**

Plaintiff argues that good cause exists to modify the scheduling order to permit the parties time to enter into a second mediation session. (Doc. No. 37 at 4–5.) In this regard, plaintiff argues that he has been "diligent in attempting to meet the Court's scheduling deadlines" by expending "efforts to attempt to mediate/resolve this matter[.]" (*Id.* at 4, 6.) However, plaintiff has not shown that a second mediation session has yet been scheduled. *See Ricks v. Lowes*, No. 3:25-cv-02300-W-VET, 2026 WL 1105994, at *2 (S.D. Cal. Apr. 22, 2026) (finding no good cause to modify scheduling order where the parties stated a desire to engage in private mediation but failed to demonstrate that they had any such mediation scheduled). Moreover, plaintiff does not even make any argument that he has been diligent in trying to meet the discovery deadlines in this case but has been unable to do so. *See Timken Co. v. Wilshire Assocs. Inc.*, No. 12-cv-07446-JFW-AGR, 2013 WL 12642442, at *2 (C.D. Cal. Apr. 18, 2013) (finding no good cause to modify scheduling order where the parties had failed to demonstrate that they were diligent in efforts to prepare the case for trial); *see also Shah v. Drew Chain Sec. Corp.*, No. 2:22-cv-01335-FWS-GJM, 2023 WL 4681566, at *2 (C.D. Cal. Mar. 21, 2023) (finding no good cause to modify scheduling order where the parties did not explain what outstanding discovery could not be completed without a modification of the court's scheduling order).

A review of the docket demonstrates that in this civil action, which was removed to this federal court in May 2022, the court has previously granted extensions of discovery deadlines on

ten prior occasions pursuant to the parties' stipulations.  (Doc. Nos. 12, 14, 17, 19, 23, 25, 27, 29, 31, 33.)  As a result, plaintiff has been granted nearly three years of additional time since the initial scheduling of this case to complete expert discovery and file any dispositive motions.  (*See* Doc. No. 11 at 3) (listing the original discovery deadlines).  Ultimately, based on plaintiff's failure to detail any efforts made to meet discovery deadlines and the numerous extensions of time he has already been provided, it is clear that if plaintiff is unprepared for the trial of this action it is as a result of his own carelessness in preparation.  Of course, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.  The court will therefore deny plaintiff's motion to modify the scheduling order even though it is unopposed.

## CONCLUSION

For the reasons above, plaintiff's motion to modify the scheduling order (Doc. No. 37) is DENIED.  The last scheduling order (Doc. No. 33), and the dates set forth therein, remains in place absent further order of the court.[2]

IT IS SO ORDERED.

Dated:   **May 14, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[2]  Of course, the parties are free to continue to participate in mediation if they so choose.  In addition, if this action is not resolved prior to Final Pretrial Conference, currently scheduled for June 8, 2026, the court will refer the matter to one of the magistrate judges of this court for a court supervised settlement conference prior to the August 11, 2026 trial date.